## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| ROBOBUOY INC.<br>(d/b/a MarkSetBot Inc),<br><br>         Plaintiff,<br><br>v.<br><br>SAIL 22, LLC,<br><br>         Defendant. | Case No. 8:25-cv-3078<br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Robobuoy Inc. ("Plaintiff" or "Robobuoy") files this Complaint with Jury Demand against Defendant Sail 22, LLC ("Defendant" or "Sail 22") and alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action under the Lanham Act, 15 U.S.C. §§ 1114, 1125 and Florida Deceptive and Unfair Trade Practices Act § 501.201-510.2013.

2.      Defendant has infringed Plaintiff's common law and federal registered trademark rights by the sale, offer to sell and lease of autonomous inflatable sailing buoys bearing an infringing mark and by providing sailing event

support services using the autonomous inflatable sailing buoys bearing the infringing mark.

3.      Such conduct was done willfully and deliberately, intending to trade on the goodwill, distinction, and reputation of Plaintiff's brand, cause confusion and deception, and divert sales of Plaintiff's products to the Defendant.

4.      Plaintiff seeks entry of a permanent injunction and an award of Defendant's profits, actual damages, and other related relief.

## PARTIES

5.      Plaintiff is a Delaware corporation and maintains a principal place of business at 220 Hunt Street, Suite 203, Detroit, Michigan 48201.

6.      Upon information and belief, Sail 22 is a limited liability company organized under the laws of the State of Indiana and maintains a principal place of business at 15882 18 B Road, Culver, Indiana, 46511. Sail 22 conducts business within this district.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338 and 15 U.S.C. §§ 1114, 1121, 1125.

8.      This Court has supplemental jurisdiction over Florida state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Defendant has committed acts of infringement in this district.

## GENERAL ALLEGATIONS

### A. Plaintiff's Business and Trademarks

10.    Plaintiff is headquartered in Detroit, Michigan and is owned and operated by its founders, Kevin Morin and Matthew Morin.

11.    Plaintiff is a manufacturer and an international marketer and distributor of advanced sailing race course marks using its patented technology for an autonomous fully inflatable sailing buoy that is self-propelled using global positioning system (GPS) technology under the brands MARKSETBOT® and ROBOBUOY®.

12.    Plaintiff has established a global market with a network of dealers and distributors in North and South America, Europe, Asia and Oceania.

13.    The MARKSETBOT® autonomous fully inflatable sailing buoy zeroes in on a specific location and holds that position without the use of anchors and can also be controlled using mobile interfacing.

14.    Plaintiff's autonomous fully inflatable sailing buoys can be used for a range of objectives, including robotic sailing buoys, on-water, dynamic golf targets, military and security uses, water quality testing and monitoring, and beach safety.

15.    For sailing regattas, Plaintiff's autonomous fully inflatable sailing buoys are used to mark the race course and maintain the course mark locations, despite tide, wind, bumps with boats or other moving forces.

16.    Plaintiff and its distributors sell its autonomous fully inflatable sailing buoys for use in regattas and also offer the buoys for rent or as part of regatta support services.

17.    Plaintiff markets and distributes its goods and services nationally, including in the State of Florida, under the marks ROBOBUOY® and MARKSETBOT®, acquiring substantial federal and common law trademark rights as well as goodwill in the marks for these goods and services.

18.    Plaintiff's federal trademark rights include ownership of United States Trademark Registration No. 5,622,462 for the mark MARKSETBOT registered for use in connection with "autonomous unmanned water vehicles" and "online retail store services featuring autonomous unmanned water vehicles" (the "MARKSETBOT Registration"). The mark MARKSETBOT Registration has acquired incontestable status under 15 U.S.C. § 1065.  Attached as **Exhibit A** is a true and correct copy of the MARKSETBOT Registration.

19.    Plaintiff's federal trademark rights include ownership of United States Trademark Registration No. 6,003,193 for the mark ROBOBUOY registered for use in connection with "autonomous unmanned water vehicles" (the

"ROBOBUOY Registration"). Attached as **Exhibit B** is a true and correct copy of the ROBOBUOY Registration.

20.     As a result of Plaintiff's extensive use of the marks ROBOBUOY and MARKSETBOT (collectively, "Plaintiff's Marks"), such marks have become well known as an indicator of Plaintiff's high-quality autonomous sailing buoys and related services.

21.     Plaintiff's Marks give Plaintiff a competitive advantage and have become, through favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its high-quality goods and services, and its goodwill.

22.     Through Plaintiff's promotion and advertising under the registered marks, the public has come to recognize goods and services under the marks ROBOBUOY and MARKSETBOT as originating from Plaintiff.

23.     Plaintiff's trademarks are valid and subsisting, and Plaintiff has superior common law rights to Defendant in connection with Plaintiff's Marks.

### B. Defendant's Infringing Acts

24.     RoboMark GmbH, a Swiss company, manufactures, sells, and imports or causes others to import into the United States autonomous unmanned water vehicles under the infringing brand ROBOMARK (the "Infringing Mark").

25.    Defendant Sail 22 sells and offers to sell autonomous unmanned water vehicles made by RoboMark bearing the Infringing Mark in the United States, and in particular within this district.

26.    Defendant provides support services for sailing events using the autonomous unmanned water vehicles bearing the Infringing Mark, in the United States and in this district, including in Sarasota, Florida. See attached **Composite Exhibit C**.

27.    Defendant's Infringing Mark ROBOMARK conveys a confusingly similar appearance, sound and overall commercial impression as Plaintiff's Mark ROBOBUOY® as used to refer to products that are identical types of goods, namely, autonomous unmanned water vehicles sold by Plaintiff under Plaintiff's Marks, particularly to relevant customers for these products who understand that a buoy is referred to as a mark in sailing races.

28.    Defendant's Infringing Mark also presents a confusingly similar amalgam of Plaintiff's Marks ROBOBUOY and MARKSETBOT as used to refer to products that are identical types of goods--autonomous unmanned water vehicles --sold by Plaintiff under Plaintiff's Marks, and therefore the Infringing Mark conveys the same commercial impression among relevant consumers.

29.    Defendant's unauthorized use in commerce of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of

Defendant's products, and is likely to cause consumers to believe, contrary to fact, that Defendant's products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is affiliated with or sponsored by Plaintiff.

30.     Individually and collectively, Defendant's infringing acts have caused, and are likely to cause confusion, mistake, and deception among consumers as to the source or origin of the Defendant's products bearing the Infringing Mark and have deceived, and are likely to continue to deceive, the consuming public into believing, mistakenly, that they originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

31.     Defendant's conduct constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

32.     Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in Plaintiff's Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill and reputation.

33.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation, and the goodwill and reputation associated with Plaintiff's Marks, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff cannot be adequately compensated by monetary damages for the harm caused by Defendant and thus Plaintiff has no adequate remedy at law.

34.    As a result of Defendant's infringing acts, Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, a disgorgement of Defendant's profits, enhanced damages and profits, attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT I
### (Federal Trademark Infringement)

35.    Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

36.    Plaintiff owns the ROBOBUOY Registration and the MARKSETBOT Registration, both valid United States trademark registrations for Plaintiff's Marks, and holds the exclusive rights to market and sell its products and services bearing these marks.

37.    RoboMark manufactures, sells, and imports or causes others to import products bearing the Infringing Mark that are identical or substantially similar goods as Plaintiff's.

38.    Defendant uses the Infringing Mark in its marketing and advertising for identical or substantially similar goods and services as Plaintiff's, manufactured by RoboMark and bearing the Infringing Mark.

39.    Defendant imports, causes to be imported, uses, sells and offers to sell products that are identical or substantially similar goods as Plaintiff's, manufactured by RoboMark and bearing the Infringing Mark.

40.    Defendant provides sailing event support services including the provision of identical or substantially similar goods as Plaintiff's, manufactured by RoboMark and bearing the Infringing Mark.

41.    Defendant is not authorized by Plaintiff to use Plaintiff's Marks in connection with Defendant's goods and services.

42.    Defendant's actions are likely to cause confusion, to cause mistake, or to deceive consumers and constitute trademark infringement pursuant to 15 U.S.C. § 1114.

43.    Defendant's infringement of Plaintiff's Marks has caused and will continue to cause damage and irreparable injury to the value and goodwill of Plaintiff's Marks as well as damage and cause irreparable injury to Plaintiff's goodwill, business, and reputation.

44.    Defendant has committed the acts of infringement with full knowledge of Plaintiff's prior rights in Plaintiff's Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill and reputation.

45.    Plaintiff is being irreparably damaged by Defendant's willful, unauthorized use of the Infringing Mark in the manner set forth above and will

continue to be damaged unless Defendant is enjoined from using the Infringing Mark or any colorable imitation thereof.

46.    Plaintiff cannot be adequately compensated by monetary damages for the harm caused by Defendant. Plaintiff is entitled to injunctive relief because it has no adequate remedy at law to fully redress Defendant's unlawful conduct.

47.    Plaintiff is entitled to, among other relief, an award of actual damages, a disgorgement of Defendant's profits, enhanced damages and profits, attorneys' fees, and costs of the action under the Lanham Act, 15 U.S.C. § 1117, together with prejudgment and post-judgment interest.

## COUNT II
### (Federal False Designation of Origin and Unfair Competition)

48.    Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

49.    Plaintiff owns the ROBOBUOY Registration and the MARKSETBOT Registration, both valid United States trademark registrations for Plaintiff's Marks, and holds the exclusive rights to market and sell its products and services bearing these marks.

50.    Plaintiff is also the senior user of the marks ROBOBUOY and MARKSETBOT under common law and holds the exclusive common law rights to market and sell its products and services bearing these marks.

51.   RoboMark manufactures, sells, and imports or causes others to import products bearing the Infringing Mark that are identical or substantially similar goods as Plaintiff's.

52.   Defendant uses the Infringing Mark in its marketing and advertising for identical or substantially similar goods and services as Plaintiff's, manufactured by RoboMark and bearing the Infringing Mark.

53.   Defendant imports, causes to be imported, uses, sells and offers to sell products that are identical or substantially similar goods as Plaintiff's, manufactured by RoboMark and bearing the Infringing Mark.

54.   Defendant provides sailing event support services including the provision of identical or substantially similar goods as Plaintiff's, manufactured by RoboMark, and bearing the Infringing Mark.

55.   Defendant is not authorized by Plaintiff to use Plaintiff's Marks in connection with Defendant's goods and services.

56.   Defendant's unauthorized use in commerce of the Infringing Mark constitutes unfair competition and use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

57.     Defendant's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

58.     Plaintiff is being irreparably damaged by Defendant's willful, unauthorized use of the Infringing Mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the Infringing Mark or any colorable imitation thereof.

59.     Plaintiff cannot be adequately compensated by monetary damages for the harm caused by Defendant. Plaintiff is entitled to injunctive relief because it has no adequate remedy at law to fully redress Defendant's unlawful conduct.

60.     Plaintiff is entitled to, among other relief, an award of actual damages, a disgorgement of Defendant's profits, enhanced damages and profits, attorneys' fees, and costs of the action under the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III
### (Common Law Trademark Infringement and Unfair Competition)

61.     Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

62.     Plaintiff is the senior user of the marks ROBOBUOY and MARKSETBOT under common law and holds the exclusive common law rights to market and sell its products and services bearing these marks.

63.    RoboMark manufactures, sells, and imports or causes others to import products bearing the Infringing Mark that are identical or substantially similar goods as Plaintiff's.

64.    Defendant uses the Infringing Mark in its marketing and advertising for identical or substantially similar goods and services as Plaintiff's, manufactured by RoboMark and bearing the Infringing Mark.

65.    Defendant imports, causes to be imported, uses, sells and offers to sell products that are identical or substantially similar goods as Plaintiff's, manufactured by RoboMark and bearing the Infringing Mark.

66.    Defendant provides sailing event support services including the provision of identical or substantially similar goods as Plaintiff's, manufactured by RoboMark, and bearing the Infringing Mark.

67.    Defendant is not authorized by Plaintiff to use Plaintiff's Marks in connection with Defendant's goods and services.

68.    Defendant's unauthorized use in commerce of the Infringing Mark constitutes unfair competition and use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

69.     Defendant's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

70.     Defendant's conduct constitutes trademark infringement and unfair competition in violation of the common law of the State of Florida.

71.     Defendant's infringement of Plaintiff's Marks has caused and will continue to cause damage and irreparable injury to the value and goodwill of Plaintiff's Marks as well as damage and cause irreparable injury to Plaintiff's goodwill, business, and reputation.

72.     Defendant has committed the acts of infringement with full knowledge of Plaintiff's prior rights in Plaintiff's Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill and reputation.

73.     Plaintiff is being irreparably damaged by Defendant's willful, unauthorized use of the Infringing Mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the Infringing Mark or any colorable imitation thereof.

74.     Plaintiff cannot be adequately compensated by monetary damages for the harm caused by Defendant. Plaintiff is entitled to injunctive relief because it has no adequate remedy at law to fully redress Defendant's unlawful conduct.

75.     Plaintiff is entitled to, among other relief, an award of actual damages, a disgorgement of Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Section 495.141, Florida Statutes.

## COUNT IV
### (Violation of Florida Deceptive and Unfair Trade Practices Act)

76.     Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

77.     RoboMark manufactures, sells, and imports or causes others to import products bearing the Infringing Mark that are identical or substantially similar goods as Plaintiff's.

78.     Defendant uses the Infringing Mark in its marketing and advertising for identical or substantially similar goods and services as Plaintiff's, manufactured by RoboMark, and bearing the Infringing Mark.

79.     Defendant imports, causes to be imported, uses, sells and offers to sell products that are identical or substantially similar goods as Plaintiff's, manufactured by RoboMark and bearing the Infringing Mark.

80.     Defendant provides sailing event support services including the provision of identical or substantially similar goods as Plaintiff's, manufactured by RoboMark, and bearing the Infringing Mark.

81.     Defendant is not authorized by Plaintiff to use Plaintiff's Marks in connection with Defendant's goods and services.

82.    Defendant has been misleading consumers with its unfair competition and false designation of origin and misrepresentation of fact by using the Infringing Mark and are causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of their goods and services, and are otherwise damaging the public.

83.    Defendant's conduct constitutes an unfair and deceptive trade practice in violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.201 *et seq.*, Florida Statutes.

84.    Defendant's conduct has caused and is likely to continue to cause substantial injury to the public and to Plaintiff, entitling Plaintiff to injunctive relief and to recover damages, its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment against Defendant as follows:

1.    Finding that Defendant's activities complained of herein are unlawful under federal and Florida law;

2.    Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, managers, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in

active concert and participation with any of the foregoing persons and entities, from:

a.   importing, manufacturing, distributing, supplying, providing, selling, marketing, advertising, promoting, or authorizing any third party to import, manufacture, distribute, supply, provide, sell, market, advertise or promote products bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks;

b.   engaging in any activity that infringes Plaintiff's rights in its asserted marks;

c.   engaging in any activity constituting unfair competition with Plaintiff;

d.   making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or; (ii) Plaintiff's goods are in any manner approved, endorsed,

licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

e.  using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f.  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Plaintiff's Marks, or any other mark that infringes or is likely to be confused with Plaintiff's Marks, or any goods of Plaintiff, or Plaintiff as their source; and

g.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

3.  Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, supplied, licensed, marketed, advertised, promoted, or otherwise offered or

circulated by Defendant is in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

4.  Directing Defendant to instruct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States to immediately remove any products, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials that feature or bear the Infringing Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks from public access and view.

5.  Directing the Defendant to recall and deliver up for destruction or other disposition all goods, packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Mark, or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Marks.

6.  Directing Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an

injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith, pursuant to the Lanham Act, 15 U.S.C. § 1116(a).

7.    Directing Defendant to account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with the Lanham Act, 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

8.    Awarding Plaintiff an amount up to three times the amount of its actual damages or Defendant's profits, in accordance with the Lanham Act, 15 U.S.C. § 1117(a).

9.    Awarding Plaintiff its costs and attorneys' fees under the Lanham Act and Sections 495.141 and 501.2105, Florida Statutes.

10.    Awarding Plaintiff actual damages and any profits of Defendant attributable to the infringing acts set forth above.

11.    Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

12.    Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues so triable.


Date: November 10, 2025

/s/ *Joseph W. Bain*

Joseph W. Bain
Florida Bar No. 860360
Jodi-Ann Tillman
Florida Bar No. 1022214
**SHUTTS & BOWEN LLP**
1100 City Place Tower
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530
*Attorneys for Plaintiff*